UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                - against -

JOHN WALLACE LIMA,

                Defendant.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

1:06-cr-00349-ENV

VITALIANO, D.J.

Submitted before the Court is defendant's November 20, 2007 motion for bail pending appeal. The issue is controlled by the Bail Reform Act, which provides, in pertinent part, that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment and who has filed an appeal <u>shall be detained</u> **unless** the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The defendant bears the burden of persuasion as to all of the elements in subsection (b). <u>United States v. Randell</u>, 761 F.2d 122, 125 (2d Cir. 1985). Accordingly, given Lima's challenge to the length of his sentence, he must establish each of the following: (1) that he is not likely to flee or pose a danger to the safety of any other person or the community; (2) that his appeal is not for the purpose of delay; (3) that his appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to him on appeal, that decision is likely to result in a sentence that does not include a term of imprisonment or a reduced sentence to a

term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. United States v. Gordon, No. 03-CR-1115, 2007 WL 162491, at *2 (S.D.N.Y. Jan. 22, 2007).

As a threshold matter, obviously, Lima must demonstrate that his appeal raises a "substantial question of law or fact." A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." Randell, 761 F.2d at 125 (citations omitted). Here, defendant argues, as he did prior to sentencing, that the imposition of a sentence employing a Federal Sentencing Guidelines calculation based upon the loss amount resulting from his admitted fraud violates his Sixth Amendment right to a jury trial pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), because the loss amount was neither charged in the indictment nor proven to a jury beyond a reasonable doubt. However, as the Court held prior to sentencing, defendant's argument in this regard is contrary to the Second Circuit's decision in United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005), in which the Court stated: "with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection." As the issue raised by defendant is governed by controlling precedent, it does not constitute a "close question" or "one that very well could be decided the other way."[1] See Randell, 761 F.2d at 125.

---

[1] This discussion assumes *arguendo* that defendant can appeal at all. Lima was sentenced pursuant to a written plea agreement in which he waived his right to appeal or collaterally attack his sentence if he was sentenced to a term of imprisonment less than 71 months. Lima was sentenced to a term of 60 months.

It is plain, and the Court so determines, that defendant has failed to satisfy his burden of demonstrating that a substantial question of law or fact is presented. See Gordon 2007 WL 162491, at *5. Therefore, the Court need not address any of the other elements of § 3143(b)(1). United States v. Amato, No. 01-CR-00058, 2007 WL1438771, at *1 n.1 (S.D.N.Y. May 17, 2007). Defendant's motion for bail pending appeal is denied.

SO ORDERED.

DATED: Brooklyn, New York
December 20, 2007

s/Eric N. Vitaliano
ERIC N. VITALIANO
U.S.D.J.