EDNY-PROB 12D
(rev 02/10)

PACTS#31879

# United States District Court

## for the

### Eastern District of New York

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Case Number: **06-CR-349-(S-3)**

Name of Offender: **John Lima**

Name of Sentencing Judicial Officer:     The Honorable Eric N. Vitaliano, U.S. District Judge

Date of Original Sentence:     November 16, 2007

Original Offense:     18 U.S.C. § 1344, Bank Fraud, A Class B felony

Original Sentence:     Sixty months custody, five years supervised release, a $100 special assessment fee, and the following special conditions: 1) restitution in the amount of $61,263.56 is due immediately and payable to the Clerk of the Court at a quarterly rate of $25 while the defendant is in prison, and at the monthly rate fo 25% of his disposable income after his release; 2) if the defendant is deported, he may not re-enter the United States illegally; 3) the defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the Probation Department. He shall pay the costs of such treatment/detoxification to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. He shall disclose all financial information to the Probation Department to assess his ability to pay. He shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. He shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol; 4) the defendant shall comply with the restitution order and provide complete financial disclosure to the Probation Department to monitor is compliance; and 5) the defendant shall not possess a firearm, ammunition or destructive device.

Type of Supervision:     Supervised Release     Date Supervision Commenced:
October 1, 2011

---

### PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

*For a period of  90  days, the defendant shall reside in a Residential Re-Entry Center*

(RRC)*approved by the Probation Department. While in the RRC, the defendant shall adhere to all rules and conditions established by the RRC, including the payment of subsistence costs.*

On January 30, 2013, the undersigned probation officer conducted a home contact at the offender's reported residence located at 9823 Flatlands Avenue, Brooklyn, New York. At that time, contact was made with Gene, the owner's son. He informed that the offender no longer lives at the residence, and that he has not resided there since some time in August 2012. Gene further informed that he believes that the offender lives somewhere in the Flatbush neighborhood of Brooklyn, but that he could not provide a specific address as the offender did not leave any forwarding address.

On February 20, 2013, during an office contact, the undersigned queried the offender about his residence, and he maintained that he continues to live at the above address. When the offender was informed that the undersigned was informed that he no longer lives at the residence, and that he has not resided there for several months, the offender continued to maintain that he lived at that address. The offender was instructed to remain at home on February 21, 2013, as the undersigned would conduct a home contact to verify his residence. On February 21, 2013, a home contact was conducted, and the offender was not present. However, contact was made with Gene, and his mother Florence Pierre, the owner of the house. Ms. Pierre confirmed that the offender moved out of her residence since some time in August 2012. She also requested that the undersigned probation officer not return to her home. Further, Gene informed that on February 20, 2013, the offender telephoned the residence to inquire whether the undersigned did in fact speak with his mother about him, the offender. Gene also informed that the offender stated that he was coming to the residence on the night of February 20, 2013, however, he never showed up.

On March 20, 2013, during an office contact, the offender was presented with a waiver for 90 days placement at the residential reentry center as a sanction for providing false information concerning his residence. The offender refused to sign the Probation Form 49 Waiver of Hearing to Modify Conditions of Supervised Release, and stated that he wanted an appearance before the Court. On the same day, the offender reported that on February 28, 2013, he rented a room at 609 East 88th Street, 3rd Floor, Brooklyn, New York. He also provided a cell phone number which he reportedly obtained approximately two weeks prior. The offender failed to disclose where he was truly residing since August 2012.

As to his employment status, the offender reported that he purchased a vehicle which is being operated as a commuter van in Brooklyn. The offender reported that he is not the operator of the vehicle, but that he has someone else driving the vehicle while he sits in the passenger seat to monitor the daily operations. Note that the offender was instructed to provide registration and insurance information of the vehicle, however, he has not done so. As to his restitution obligation, the offender has not made any payments towards this obligation since supervision commenced.

As reported to the Court on July 10, 2012, regarding the local arrest on June 20, 2012, wherein the offender was arrested at the United States Probation Office and was subsequently charged with, Assault in the third degree, in violation of NYS PL 120.00(1), a Class A misdemeanor, Endangering the Welfare of a Child in violation of NYS PL 260.10(1), a Class A misdemeanor, Attempted Assault in the third degree, in violation of NYS PL 110/120.00(1), a Class B misdemeanor, Menacing in the third degree in violation of NYS PL 120.15, a Class B misdemeanor, and Harassment in the second degree, in violation of NYS PL 240.26(1), a Violation, the matter has been adjourned to May 8, 2013, in Brooklyn Criminal Court under Docket No. 2012KN050734. The Probation Department will continue to monitor these charges and provide a recommendation about disposition of the case.

Prob 12D
*Name of Offender:* John Lima

-3-

*Case Number: 06-CR-349-(S-3)*

Respectfully submitted,

by *Tanya M. Parris*
Tanya M. Parris
Senior U.S. Probation Officer
Date: April 18 2013

Approved:

*Kathleen M. Dunn*
Kathleen M. Dunn
Supervising U.S. Probation Officer

THE COURT ORDERS:

[✓] The issuance of a summons.
[ ] No action.
[ ] Other: _____

Please return a certified copy to the New York Eastern Probation office.

s/ ENV

_____
Signature of Judicial Officer

APR 2 5 2013
_____
Date